UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------
SARAH NEUMAN
on behalf of himself and
all other similarly situated consumers

Plaintiff,

-against-


GLOBAL CREDIT & COLLECTION CORP.

Defendant.

-----------------------------------------------------------

## CLASS ACTION COMPLAINT

### Introduction

1.    Plaintiff Sarah Neuman seeks redress for the illegal practices of Global Credit & Collection Corp., concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

### Parties

2.    Plaintiff is a citizen of the State of New York who resides within this District.

3.    Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiff is a consumer debt.

4.    Upon information and belief, Defendant's principal place of business is located in Winter Park, Florida.

5.    Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6.    Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

***Jurisdiction and Venue***

7.      This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

***Allegations Particular to Sarah Neuman***

9.      Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

10.     On or about June 16, 2017, Defendant sent the Plaintiff a collection letter seeking to collect a balance allegedly incurred for personal purposes.

11.     The said letter identified the amount owing as the "Current Balance," words that imply that the balance may increase at a later stage.  See Chuway v. National Action Financial Services, 362 F.3d 944 (7th Cir.2004). (Letter stating the balance but inviting the debtor to call to obtain "the most current balance information" creates doubt as to whether the balance stated is increasing and violates the FDCPA unless an explanation is provided.)

12.     The Plaintiff was left uncertain as to whether the "Current Balance" would increase there was no disclosure that indicated otherwise.

13.     The letter does not clearly state either that the amount will or will not increase. See Avila v. Riexinger & Associates, LLC, 817 F.3d 72, (2d Cir. 1016).

14.     The said letter provided a column with an itemized accounting of the debt as required by New York state statute which informed the consumer that no interest or fees have been added post charge-off.

15.     However, the period of time that has elapsed since charge-off is not stated in the

collection letter, confusing the least sophisticated consumer as to whether interest or fees will be added in the future.

16.    While it is typical for collection letters to state an "amount due" or an "account balance", it is not typical for a letter to state that the amount owed is as of a specific date as such language would imply the potential of a different balance on a different date. See Islam v. Am. Recovery Serv., 2017 U.S. Dist. LEXIS 180415("If a collection letter is ambiguous as to interest, Avila holds, then it violates §1692e. I recognize that ambiguity can be indicative of a misleading or deceptive communication. But Avila compels the conclusion that any ambiguity as to post-dated accruals in a collection notice gives rise to a claim under the general prohibition of § 1692e — even if the ambiguity does no harm or even inures to the benefit of the debtor." Language such as the "current balance" or "as of the date of this letter" is insufficient disclosure to a debtor that her balance is either dynamic or static and such ambiguity violates the framework of Avila.)

17.    The FDCPA requires debt collectors, when notifying consumers of their account balance, to disclose that the balance may increase due to interest and fees; failure to include such disclosures would harm consumers such as the Plaintiff who may hold the reasonable but mistaken belief, that timely payment will satisfy their debts and it would abrogate the Congressional purpose of full and fair disclosure to consumers that is embodied in Section 1692e.

18.    Collection notices that state only the "Current Balance," but do not disclose that the balance might increase due to interest and fees, are "misleading" within the meaning of Section 1692e.

19. The Defendant violated 15 U.S.C. § 1692e(2)(A) for misrepresenting the amount of the debt owed by the Plaintiff.

20. 15 U.S.C. § 1692e of the FDCPA provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (2) The false representation of --
>
> (A) the character, amount, or legal status of any debt; or
>
> (10) the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

21. The said letter is a standardized form letter.

22. Upon information and belief, the Defendant's collection letters, such as the said collection letter, number in the hundreds.

23. Defendant's June 16, 2017 letter is in violation of 15 U.S.C. §§1692e, 1692e(2), and 1692e(10), for failing to clearly state the amount of the debt which is due and owing, by implying that a payment sooner rather than later will be more economical for the consumer and by employing false, deceptive and misleading representations in connection with the collection of a debt.

24. Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the Defendant.

25. Plaintiff suffered actual harm by being the target of the Defendant's misleading debt collection communications.

26. Defendant violated the Plaintiff's right not to be the target of misleading debt collection communications.

27.    Defendant violated the Plaintiff's right to a truthful and fair debt collection process.

28.    Defendant used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

29.    Defendant's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

30.    The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived him of his right to enjoy these benefits, these materially misleading statements trigger liability under section 1692e of the Act.

31.    These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

32.    As an actual and proximate result of the acts and omissions of Global Credit & Collection Corp., Plaintiff has suffered including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment for which he should be compensated in an amount to be established by a jury at trial.

## AS AND FOR A CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of himself and the members of a class, as against the Defendant.*

33.    Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through thirty two (32) as if set forth fully in this cause of action.

34.    This cause of action is brought on behalf of Plaintiff and the members of a class.

35.    The class consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiff on or about June 16, 2017; and (a) the collection letter was sent to a consumer seeking payment of a personal debt purportedly owed to Synchrony Bank; and (b) the collection letter was not returned by the postal service as undelivered; (c) and the Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692e, 1692e(2), and 1692e(10), for failing to clearly state the amount of the debt which is due and owing, by implying that a payment sooner rather than later will be more economical for the consumer and by employing false, deceptive and misleading representations in connection with the collection of a debt.

36.    Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

    A.    Based on the fact that form collection letter is at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

    B.    There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

    C.    The only individual issue is the identification of the consumers who received such collection letters (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

    D.    The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

E. The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

37. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

38. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

39. Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

40. The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

41. Because the Defendant violated the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this Court enter judgment in his favor and against the Defendant and award damages as follows:

    A.  Statutory damages provided under the FDCPA, 15 U.S.C. § 1692(k);

    B.  Attorney fees, litigation expenses and costs incurred in bringing this action; and

    C.  Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Woodmere, New York
June 18, 2018

_____/s/ Adam J. Fishbein_____
Adam J. Fishbein, P.C.  (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
735 Central Avenue
Woodmere, New York 11598
Telephone: (516) 668-6945
Email: fishbeinadamj@gmail.com

Plaintiff requests trial by jury on all issues so triable.

_____/s/ Adam J. Fishbein____
Adam J. Fishbein (AF-9508)



**GL BAL**
C R E D I T & C O L L E C T I O N CORP

5440 N Cumberland Ave Ste 300
Chicago, IL 60656-1490
Tel: (855) 812-4107
Monday-Thursday 8:00 am - 9:00 pm CST
Friday 8:00 am - 5:00 pm CST  Saturday 8:00 am - 12 Noon CST

June 16, 2017

> Creditor / Merchant: Synchrony Bank / Gap Visa® Card
> Synchrony Account Number: *************9194
> Global Account Number: [    ]74
> Current Balance: $7,741.20

Dear Sarah Neuman,

Your account has been placed with our company for collection. We have been authorized by our client to collect the outstanding amount owed to them. This letter serves as confirmation that the above referenced account is still outstanding.

# YOU HAVE OPTIONS!!!

We are willing to accept a single payment of $7,741.20 or the following payment plan options:

1. Pay balance in full over 3 months. Each payment will be $2,580.40.

2. Pay balance in full over 6 months. Each payment will be $1,290.20.

3. Pay balance in full over 12 months. Each payment will be $645.10.

Please contact one of our account experts to discuss these or other options available to you.

Sincerely,
Collections Department
**(855) 812-4107**


**ADDITIONAL INFORMATION FOR NEW YORK RESIDENTS:**
Debt collectors, in accordance with the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., are prohibited from engaging in abusive, deceptive, and unfair debt collection efforts, including but not limited to: a) the use or threat of violence; b) the use of obscene or profane language; and c) repeated phone calls made with the intent to annoy, abuse, or harass.

If a creditor or debt collector receives a money judgment against you in court, state and federal laws may prevent the following types of income from being taken to pay the debt: 1. Supplemental security income, (SSI); 2. Social security; 3. Public assistance (welfare); 4. Spousal support, maintenance (alimony) or child support; 5. Unemployment benefits; 6. Disability benefits; 7. Workers' compensation benefits; 8. Public or private pensions; 9. Veterans' benefits; 10. Federal student loans, federal student grants, and federal work study funds; and 11. Ninety percent of your wages or salary earned in the last sixty days.

**ADDITIONAL INFORMATION FOR NEW YORK CITY RESIDENTS:**
New York City Department of Consumer Affairs license numbers are: Markham – 1210498, Buffalo – 2017093, Chicago – 1210496. In accordance with the requirements of NY Code § 20-493.1 we are disclosing that Global Credit & Collection Corp.'s contact person is: Mr. Peterson 773-380-3129.



| | (855) 812-4107 |
| --- | --- |
| | webpay.affglopayments.com |
| | 5440 N Cumberland Ave Ste 300, Chicago IL 60656-1490 |

This communication is from a debt collector.  This is an attempt to collect a debt and any information obtained will be used for that purpose.

---

✂

| To pay by phone, please call us at (855) 812-4107 |
| --- |
| **For Western Union Quick Collect:** Pay to: Global Credit & Collection Code City/State: GCORP IL Please include your account number |

Please detach the lower portion of this letter and return with your payment.

Please make checks payable to:
**Global Credit & Collection Corp**

| Synchrony Account # | Global Account # | Current Balance |
| --- | --- | --- |
| *************9194 | [    ]74 | $7,741.20 |
| Creditor / Merchant | | |
| Synchrony Bank / Gap Visa® Card | | |

Remit Payment To:
Global Credit & Collection Corp
5440 N Cumberland Ave STE 300
Chicago, IL 60656-1490